

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 28, 2022

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Abel Montilla*, a/k/a "Coche Bomba," S9 19 Cr. 536 (PKC)

Dear Judge Castel:

      The Government writes to respectfully request that the Court adjourn trial in the above-captioned case until the Government's remaining witness ("CW-1") is able to satisfy the Southern District's COVID protocols and enter the courthouse, so that CW-1 may testify in person. (*See* Ct. Exs. 2, 3; Sept. 28, 2022 Trial Tr. at 358.) The Government has discussed this matter with defense counsel and defense counsel has conveyed that the defendant does not object to an adjournment.

      As the Court is aware, CW-1 arrived in Court today to testify as a Government witness. After taking the witness stand, but before the jury entered the courtroom, CW-1 indicated to a Spanish language interpreter that CW-1 was experiencing symptoms consistent with COVID-19. At the Court's direction, CW-1 was removed from the courtroom and a PCR test was administered, which came back positive for COVID-19.

      The Government proceeded to introduce the testimony of its other witnesses, aside from CW-1. The parties had numerous discussions, both in Court today and throughout the evening, regarding potential alternatives to CW-1's in-court testimony. Those discussions included, among other considerations, the feasibility of video testimony and the possibility of a testimonial stipulation from CW-1. However, after extensive discussion with defense counsel, the Government understands from defense counsel that the defendant objects to permitting CW-1's testimony to be introduced through stipulated testimony, as is his right. The Government also does not wish to proceed by stipulated testimony, but gave it serious consideration in order to avoid requesting a brief adjournment of the trial. Accordingly, despite several good faith attempts to fashion a potential stipulation, the parties are unable to do so. Nor is video testimony a practical alternative, given that CW-1's testimony requires the assistance of an interpreter and, absent consent from the defendant, could present Confrontation Clause concerns.

      The Government also gave serious consideration as to whether it could entirely forego CW-1's testimony. It cannot. CW-1's testimony is important to the Government's case. CW-1 is anticipated to provide testimony that the Government previewed in its opening statement, which cannot be introduced through other witnesses. CW-1 is also anticipated to testify about details regarding the cocaine trafficking organization that the Government believes are necessary for the jury to have a sufficient understanding of the conspiracy, the existence of which the Government bears the burden of

September 28, 2022
Page 2

proving. Finally, CW-1 is expected to provide information regarding the role of "Coche Bomba" in the cocaine trafficking conspiracy. Such information is the subject of this trial and will bear on the Government's ability to prove that the defendant knowingly joined the conspiracy. Accordingly, the Government believes the only option remaining is to adjourn the trial until such time that CW-1 can satisfy the District's protocols and testify in-person.

The Government is mindful of the fact that at least one of the jurors is unable to sit beyond October 7. While it is possible that CW-1 will be available to testify prior to that date, in the event CW-1 cannot do so, an alternate juror should take their place. The Government is also mindful that other issues may present themselves next week if the trial is adjourned, including the continued availability of other jurors and this Court. The Government does not make this request lightly. However, it is the Government's obligation "to introduce at trial admissible evidence sufficient to obtain and sustain a conviction." U.S.A.M. § 9-27-300. Accordingly, the Government respectfully requests that the Court adjourn trial in this case until CW-1 is able to satisfy this District's applicable COVID protocols and testify in person.

The Government has discussed this matter with defense counsel and defense counsel has conveyed that the defendant does not object to an adjournment.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for
the Southern District of New York

By: _____
Juliana N. Murray / Ryan B. Finkel
Assistant United States Attorneys
(212) 637-2314 / -6612

cc: Ivan Mercado, Esq.