UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>ABEL MONTILLA<br><br>Defendant. | 19-cr-536 (PKC)<br><br>ORDER |

CASTEL, Senior District Judge:

On March 22, 2023, defendant Abel Montilla was sentenced principally to a term of imprisonment of 204 months.  (ECF 415)

Amendment 821, which became effective November 1, 2023, coupled with 18 U.S.C. § 3582(c)(2), permit a reduction in an original sentence based upon the retroactive application of a Guidelines amendment relating to "Status Points" and a "Zero Point Offender." Proceeding pro se, he moves under section 3582(c)(2) for a sentence reduction by reason of Amendment 821 to the Sentencing Guidelines that applies retroactively.  (ECF 593.)  The United States Probation Department has issued a report recommending that defendant is not eligible for a sentence reduction.

Defendant is precluded from receiving a "Status Points" adjustment, U.S.S.G. § 4A1, because he did not receive an enhancement for committing the instant offense while under a criminal justice sentence.  Defendant is ineligible for a "Zero-Points Offender" reduction, U.S.S.G. § 4C1.1, because he did not have zero criminal history points at the time of his sentencing.   He was sentenced on March 22, 2023, utilizing the November 1, 2021 Guidelines Manual. (PSR ¶41.)  His criminal history score was calculated at one because of one point arising from controlled substance conviction in 1993. (PSR ¶¶52-54.)  A post-sentencing

1

amendment to the Guidelines that, if it had been applicable, may have reduced his score to zero does not alter the correct criminal history score at the time of sentencing. [1]

The Court further notes that the section 3553(a) factors have not been shown to be materially different today than at defendant's sentencing three years ago and counsel strongly against a reduction, if one were available. He was responsible for monitoring and supervising the shipments of cocaine to various locations and was "an important link in the chain of distribution" of over 3,200 kilograms of cocaine (ECF 418 at 37-38). He took the witness stand at trial and deliberately lied to the jury. (Id.)

The defendant is ineligible for a sentence reduction under Amendment 821 and the motion (ECF 593) is DENIED. Because the defendant is ineligible for a sentence reduction, his request for the appointment of counsel to assist him with this motion is denied as moot.

The Clerk of Court is respectfully requested to terminate the motion (ECF 593).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: April 9, 2026
         New York, New York

COPY MAILED TO:          Abel Montilla #56515-509
                         FMC Devens
                         Federal Medical Center
                         P.O. Box 879
                         Ayer, MA  01432

---

[1] See United States v. Diaz, 07-cr-387-05 (CM), 2025 WL 3206742, at *1 (S.D.N.Y. Nov. 17, 2025) ("he did not have zero criminal history points at the time of sentencing."); United States v. Morel, 10 cr 798 (NRB), 2024 WL 4710891, at *1 (S.D.N.Y. Nov. 7, 2024) (at time of sentencing).